UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 ANDRE WILBURN,

                    Petitioner,          **MEMORANDUM & ORDER**
                                          24-CV-5228 (EK)

          -against-

 UNITED STATES,

                    Respondent.

-------------------------------------x

ERIC KOMITEE, United States District Judge:

          Defendant Wilburn is set to be sentenced on October 7, 2024.  A few weeks ago, Wilburn filed a petition seeking a writ of habeas corpus.  Petition, ECF No. 1.  He invokes 28 U.S.C. § 2241, notwithstanding his request to vacate his conviction. He also seeks leave to proceed *in forma pauperis*.  ECF No. 2. Leave to proceed *in forma pauperis* is granted for purposes of this petition.  The petition, however, is denied.

          Wilburn argues that his conviction should be vacated and that he should be released from custody because the conviction is "illogical, impossible, and def[ies] physical realities," Petition at 2, his prior counsel "committed subornation of perjury," *id.* at 6-7, and because the Court lacks jurisdiction over this case, *id.* at 8-9.[1]

------

[1] Page citations refer to the Electronic Case Filing system pagination.

Petitions challenging a federal court conviction or sentence are, generally speaking, properly brought under Section 2255. *See, e.g.*, *Poindexter v. Nash*, 333 F.3d 372, 376-77 (2d Cir. 2003). More importantly, Wilburn has not yet been sentenced. District courts lack jurisdiction over a motion made under Section 2255 prior to sentencing. *Stantini v. United States*, 140 F.3d 424, 426 (2d Cir. 1998). And the fact that a federal prisoner must wait until after he has been sentenced to bring a Section 2255 motion does not render that option "inadequate or ineffective" under § 2255(e), such that the claim may be brought under Section 2241. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (requirement to file Section 2255 petitions only after direct appeals are resolved does not render that course "inadequate or ineffective and therefore does not entitle the defendant prematurely to pursue a section 2241 habeas petition"); *accord Zuniga v. Sposato*, No. 11-CV-1045, 2011 WL 1336396, at *1 (E.D.N.Y. Apr. 7, 2011) (collecting cases); *Schulte v. Barr*, No. 20-CV-9244, 2020 WL 7211887, at *3 (S.D.N.Y. Dec. 7, 2020).[2]

Therefore, "the filing of a pre-sentence petition pursuant to Section 2241 . . . is not appropriate." *United States v. Gonzalez*, No. 00-CR-447, 2001 WL 987866, at *3

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

(S.D.N.Y. Aug. 30, 2001).  As the Ninth Circuit reasoned in
*Pirro*, allowing a pre-sentence Section 2241 claim "would allow
all incarcerated defendants simultaneously to pursue both
section 2241 petitions challenging the validity of their
convictions and sentences and direct appeals challenging the
same."  *Pirro*, 104 F.3d at 299; *see also Schulte*, 2020 WL
7211887, at *3 ("To the extent [petitioner] seeks to challenge
his conviction on the two counts from the second superseding
indictment, for which he has not yet been sentenced, the Court
notes that a petition under § 2241 is also not the proper
vehicle to do so."); *United States v. Arakelian*, No. 04-CR-447,
2005 WL 2206892 (S.D.N.Y. Sept. 9, 2005) (dismissing Section
2241 petition brought prior to sentencing).

Wilburn's habeas petition is therefore denied without
prejudice as premature.  The Clerk of Court is respectfully
directed to mail this order, as well as a copy of the docket, to
the petitioner.


SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:    October 1, 2024
          Brooklyn, New York